## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | No. 13 CR 823 |
| v. | ) | |
| | ) | Judge Thomas M. Durkin |
| EURIPIDES CAGUANA | ) | |
| | ) | |

### MEMORANDUM OPINION AND ORDER

Defendant Euripides Caguana has filed a motion for relief under 18 U.S.C. § 3582 in the face of the COVID-19 pandemic. R. 179. For the following reasons, that motion is denied.

### Background

In October 2013, Mr. Caguana was charged with four counts of murder for hire in violation of 18 U.S.C. § 1958(a) after meeting with a cooperating witness and an undercover officer to solicit the murder of two eyewitnesses set to testify against his son in his son's upcoming murder trial. A jury subsequently convicted Mr. Caguana of all four charges, and this Court sentenced him to 210 months' imprisonment—well below the applicable Sentencing Guidelines range of 262 to 327 months. Mr. Caguana's conviction was subsequently affirmed on appeal.

Mr. Caguana is now 67 years old and is housed at FCI Bastrop. The Bureau of Prisons ("BOP") website calculates his release date as September 14, 2028. *See* www.bop.gov/inmateloc (last visited Aug. 30. 2021).

Mr. Caguana now moves for relief under 18 U.S.C. § 3582, citing his obesity, high blood pressure, and the fact that he is a "former/current smoker" as placing him at risk for serious complications due to COVID-19.

## Standard

Under 18 U.S.C. § 3582(c)(1)(A)(i), a court may modify a term of imprisonment upon a motion of the defendant "after the defendant has fully exhausted all administrative rights to appeal" and 30 days have passed without the BOP filing a motion on the defendant's behalf. In determining whether a sentence reduction under § 3582 is appropriate, courts consider: (1) the factors set forth in 18 U.S.C. § 3553(a); (2) whether "extraordinary and compelling reasons" warrant a reduction in sentence; and (3) whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The defendant bears the burden of establishing his entitlement to relief under this provision. *See United States v. Gold*, 459 F. Supp. 3d 1117, 1119 (N.D. Ill. 2020) (citing *United States v. Ebbers*, 2020 WL 91399, at *4 (S.D.N.Y. Jan. 8, 2020)).

## Analysis

### I.    Exhaustion

The Government argues that Mr. Caguana has not met his burden to demonstrate exhaustion of his administrative remedies here, because it was unable to locate any record of the April 21, 2021 administrative request that Mr. Caguana said he filed. R. 179 at 1; R. 182 at 11. But the Government neglects to mention that the June 10, 2021 memorandum from the Warden that Mr. Caguana attached to his

motion indicates that his request for compassionate release was denied. *See* R. 179 at 3. This memorandum is sufficient to assure the Court that Mr. Caguana has satisfied his exhaustion obligations and allow his motion to proceed to the merits.

## II.    Merits

The Government contends that even assuming Mr. Caguana has exhausted his administrative remedies, no extraordinary and compelling reason exists to justify his early release, and the Section 3553(a) factors counsel against it. The Court addresses the parties' arguments on each issue in turn.

***Extraordinary and compelling reasons and policy statements.*** In determining what constitutes an extraordinary and compelling reason to modify a person's sentence, courts consider the guidance contained in the U.S. Sentencing Guidelines Manual at U.S.S.G. § 1B1.13. The Application Notes describe extraordinary and compelling reasons as including medical conditions, age (70 or older), and family circumstances. U.S.S.G. § 1B1.13 cmt. n.1(A)-(C). The notes also include the following catch-all provision: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C). *Id.* cmt. n.1(d). The Seventh Circuit held in *United States v. Gunn* that the Sentencing Commission's policy statement on what constitutes an extraordinary and compelling reason for compassionate release does not apply to prisoner-initiated motions. 980 F.3d 1178, 1180 (7th Cir. 2020). But the court also noted that "substantive aspects of the Sentencing Commission's analysis

in § 1B1.13 and its Application Notes provide a working definition of 'extraordinary and compelling reasons.'" *Id.* The court continued that a "judge who strikes off on a different path risks an appellate holding that judicial discretion has been abused." *Id.* Accordingly, the Sentencing Commission's analysis remains instructive, and guides the Court's decision here.

As noted, Mr. Caguana contends that his obesity, high blood pressure, and the fact that he is a "former/current smoker" constitute extraordinary and compelling reasons to justify his early release in the face of the COVID-19 pandemic. In response, the Government concedes that the CDC has identified obesity and a person's being a current or former smoker as conditions that can increase a person's risk of severe illness from COVID-19, and acknowledges that the CDC has identified hypertension as a condition that "possibly" can increase that risk. *See* R. 182 at 12; *see also* www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Aug. 30, 2021). In addition, at 67 years old, Mr. Caguana's age also could increase the risk of severe illness or death due to COVID-19. *See* www.cdc.gov/aging/covid19/covid19-older-adults.html (last visited Aug. 30, 2021) (explaining the increased risk associated with COVID-19 for those aged 65 and older). But the Government points out that Mr. Caguana has been fully vaccinated against COVID-19 since June 10, 2021. *See* R. 183 at 67 (BOP medical records indicating that Mr. Caguana received his first dose of the Pfizer-BioNTech vaccine on May 19, 2021, and his second dose on June 10, 2021). And the Government argues that Mr. Caguana's risk for severe illness from COVID-19 is therefore significantly

4

reduced and thus that his age and medical conditions no longer constitute extraordinary and compelling reasons for early release, even if they did before he was vaccinated.

The Court agrees. Indeed, Mr. Caguana has not argued or shown that he is unable to receive a benefit from the vaccine. Nor has he argued that his health conditions are severe enough to warrant early release without the threat of COVID-19. *See United States v. Ervin*, 855 Fed. App'x 300, 301 (7th Cir. 2021) (defendant's asthma and obesity were "not likely to be an extraordinary and compelling for release now that . . . he has access to an effective vaccine" given that he has not "argued that, without the threat of COVID-19, his health concerns are severe enough to warrant early release"). As such, Mr. Caguana's vaccinated status "makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release," even considering his risk factors together. *United States v. Broadfield*, 5 F.4th 801, 804 (7th Cir. 2021); *see also United States v. Sullivan*, 2021 WL 3578621, at *2 (7th Cir. Aug. 13, 2021) (prisoner "no longer has a compelling reason for release given that vaccines are readily available," notwithstanding his obesity, asthma, and diabetes); *United States v. Burgard*, 2021 WL 3781384, at *1-*2 (7th Cir. Aug. 26, 2021) ("widespread availability of the COVID-19 vaccine within the [BOP] likely eliminates [defendant's] stated reason for release" despite asthma and having been classified by the prison as "medically vulnerable" to COVID-19).

Moreover, the Court agrees with the Government that the conditions at FCI Bastrop only bolster the conclusion that no extraordinary and compelling reason

5

exists to justify early release. At the time of this writing, there are currently four staff members with COVID-19 at FCI Bastrop, and no reported cases of the virus among the inmate population. Mr. Caguana's motion fails at this juncture.

*Section 3553(a) factors.* Even if there were an extraordinary and compelling reason to grant Mr. Caguana the relief he requests, the Section 3553(a) factors counsel strongly against it. An analysis under 18 U.S.C. § 3553(a) considers the defendant's history and characteristics, the seriousness of his offense, the risk of recidivism he poses, the time remaining on his sentence, the quality of his release plan, and the impact of the BOP's efforts to maintain the safety of inmates. *United States v. Colon*, 2020 WL 7260804, at *4 (N.D. Ill. Dec. 10, 2020).

Mr. Caguana committed a calculated and serious crime, which but for the Government's involvement, would have led to the gravest of consequences. Mr. Caguana's actions are made worse because of the direct impact he intended them to have on the operation of the criminal justice system. And while Mr. Caguana argues that he is not a danger to the community and that the Court should consider his post-sentencing rehabilitation, he fails to describe that rehabilitation, and the actions for which he was convicted belie any notion that he is not a threat. In light of his serious and potentially violent crime, the Court need not take Mr. Caguana's word at face value. Further, and as the Court noted at Mr. Caguana's sentencing hearing, Mr. Caguana committed the relevant crimes while in his 50s, and therefore the Court cannot conclude that his risk of recidivism is low, as it might if he had been younger at the time. R. 119 at 51. The fact that the BOP has provided Mr. Caguana with both

doses of the Pfizer vaccine and that there are presently no active inmate cases of COVID-19 at his facility also demonstrate that the BOP's efforts to maintain the safety of its inmates have been effective. Finally, over seven years remain on Mr. Caguana's sentence, which was well under the applicable guidelines range when imposed. Simply put, early release is not justifiable on these facts.

## Conclusion

Mr. Caguana has failed to present an "extraordinary and compelling" reason for relief in the context of COVID-19, and the Section 3553(a) factors and the fact that he is fully vaccinated counsel against his early release. Accordingly, Mr. Caguana's motion for compassionate release, R. 179, is denied.

ENTERED:

_Thomas M Durkin_

_____

Honorable Thomas M. Durkin
United States District Judge

Dated: August 30, 2021